IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00723-KLM

SHARON SHAW,

    Plaintiff,

v.

SHELTER MUTUAL INSURANCE COMPANY, d/b/a Shelter Insurance Companies,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment on Claims for Unreasonable Denial of Benefits Pursuant to C.R.S. 10-3-1115 – 1116** [#28][1] (the "Motion"). Plaintiff filed a Response [#29] in opposition to the Motion, and Defendant filed a Reply [#30]. The Court has reviewed these filings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#28] is **DENIED**.[2]

## I. Summary of the Case[3]

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2(d), the parties in this civil action consented to have the undersigned conduct all proceedings. *See* [#11, #13].

[3] The Court must construe the evidence in the light most favorable to Plaintiff, as the nonmovant. *See Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1186 (10th Cir. 2015) ("We . . . recit[e] all summary-judgment evidence in the light most favorable to . . . the nonmovant."). The facts in this case are largely disputed. Thus, the Court provides only a brief summary of the

Plaintiff Sharon Shaw ("Plaintiff") was involved in an automobile/pedestrian collision on Abbey Road in Pueblo County, Colorado. *Sched. Order* [#15] ¶ 1. Defendant Shelter Mutual Insurance Company ("Defendant") is Plaintiff's insurer, with an underinsured motorist limit of $250,000. *Id.* ¶ 2. At approximately 9:45 p.m. on October 9, 2015, Plaintiff was driving north on Abbey Road, which is a two-lane road with a single lane for northbound traffic and a single lane for southbound traffic. *Id.* ¶ 1, 5. Plaintiff stopped and exited her vehicle from the driver's side door and was struck by a southbound vehicle driven by Lee Morey ("Morey"). *Id.* ¶ 6. Plaintiff suffered injuries, and was paid the limits of Mr. Morey's liability policies through GEICO and Travelers Insurance Company, a total of $275,000. *Id.* ¶ 7, 8-10. Thus, Plaintiff asserts that Defendant is liable to Plaintiff for any amount she would be legally entitled to recover against Mr. Morey that exceeds $275,000, up to her underinsured policy limit of $250,000. *Id.* ¶ 10. Plaintiff filed an underinsured motorist claim, which Defendant ultimately denied on May 13, 2016. *Id.* ¶ 11.

Plaintiff asserts that Defendant is liable for the damages Mr. Morey negligently caused to Plaintiff up to the $250,000 underinsurance coverage limit. *Compl.* [#3] ¶ 44. Plaintiff asserts three claims against Defendant: (1) "Underinsured Motorist/Declaratory Judgment"; (2) a breach of contract claim for denying underinsured motorist benefits; and (3) a statutory unreasonable delay and denial of Plaintiff's claim for underinsured motorist benefits. *Id.* at 9-10. Defendant moves for entry of summary judgment in its favor on Claim Three on the grounds that Defendant did not unreasonably deny benefits. *See generally Motion* [#28].

---

background of the case, as provided by the parties in the "Undisputed Facts" section of the Scheduling Order [#15].

## II. Standards

**A.     Motion for Summary Judgment**

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be entered if the pleadings, the discovery, any affidavits, and disclosures on file show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), abrogation recognized by *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017). The nonmovant must go beyond the allegations and denials of his

pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et. al., *Federal Practice and Procedure* § 2738 at 356 (3d ed. 1998).

**B.     Choice of Law**

Defendant argues that Colorado law controls this diversity action because the Policy is a Colorado policy issued to a Colorado driver, and the accident at issue occurred in Colorado. *Motion* [#28] at 13-14. Plaintiff does not contest that Colorado law applies, and cites Colorado law throughout the Response [#29]. Thus, the parties appear to be in agreement that Colorado law applies. Accordingly, the Court applies federal procedural law and Colorado substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (applying choice of law rules of the forum state in a diversity case); *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). "When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002).

**III.  Analysis**

Defendant argues that judgment should enter in its favor because the decision to deny Plaintiff's claim was reasonable as a matter of law. *Motion* [#28] at 2. Plaintiff contends that Defendant has not sufficiently established a lack of genuine issue of material fact regarding reasonableness. *Response* [#29] at 19.

Colo. Rev. Stat. § 10–3–1115(1)(a) provides that an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Defendant contends that the appropriate legal standard for reasonableness is articulated in *Tozer v. Scott Wetzel Services*, 883 P.2d 496, 498 (Colo. App. 1994). However, *Tozer* concerns a Colorado statute providing for an award of attorney's fees "when the bringing or defense of an action . . . is determined to have been substantially frivolous, substantially groundless, or substantially vexatious." *Motion* [#28] at 16; Colo. Rev. Stat. § 13–17–101. There has been no such finding of frivolousness, groundlessness, or vexatiousness here, nor is recovery of attorney's fees an issue presently before the Court. Thus, *Tozer* is not applicable here.

Rather, the Court applies the definition of unreasonableness provided in the statute: "an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." *See* Colo. Rev. Stat. § 10-3-1115(2). "What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury. However, in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012) (citing *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 496 (Colo. App. 2011)); *Dennis v. Am. Family Mut. Ins. Co.*, No. 15-cv-02562, 2017 WL 4297342, slip op. at *3 (D. Colo. Sept. 27, 2017).

"[I]f a reasonable person would find that the insurer's justification for denying or delaying payment of a claim was 'fairly debatable,' this weighs against a finding that the insurer acted unreasonably. Nevertheless, fair debatability is not a threshold inquiry that is outcome determinative as a matter of law." *Vaccaro*, 275 P.3d at 759 (citing *Zolman*, 261 P.3d at 496).

The facts of the accident in question are hotly contested. The Court addresses the facts as argued by the parties only to the extent necessary to examine whether any genuine issues of material fact exist.

Defendant argues that "the only question here is whether or not a reasonable jury could find that [Defendant] did not have 'any reasonable basis'" in its belief that Plaintiff was fifty percent or more responsible for the accident. *Reply* [#30] at 2. Defendant characterizes the pertinent facts of the accident contained in the record as follows. According to the Pueblo County Sheriff's Office's ("PCSO") incident report, the accident occurred around 9:45 p.m. *PCSO Incident Report* [#28-6] at 3. The incident report states that Plaintiff's car was "parked on the center line of the frontage road way." *Id.* Plaintiff opened her car door into the oncoming lane of traffic, stepped out, and was hit by Mr. Morey's vehicle. *Colorado State Patrol ("CSP") Traffic Accident Report* [#28-5] at 2; *Pl. Depo.* [#28-3] at 10, 13 (testifying that she thought she was next to her vehicle, yet admitting that she was told the damage to Mr. Morey's car was on his passenger side). Defendant argues that the law enforcement incident reports both identified Plaintiff as the cause of the accident. The CSP report [#28-5] lists "Pedestrian violation" as the "Causal Factor," and the PCSO report [#28-6] states, "The accident was a result of a female getting out of her vehicle during an argument with her son about how he was acting at the football

game in Rye." CSP state trooper Thomas Dietrich ("Dietrich") also testified that he determined that Plaintiff was likely the proximate cause of the accident. *Dietrich Depo.* [#28-10] at 3.

When Plaintiff made her demand that Defendant pay her policy limits, Matthew Angeli ("Angeli") was the adjuster assigned to her claim. Mr. Angeli reviewed the following documents: Plaintiff's demand letter and attachments (including a reconstruction report), Google Maps images of the location of the accident, the CSP report, the PCSO report, and transcribed videos from CSP. *Demand Letter* [#28-13]; *Angeli Depo.* [#28-14] at 3; *June 10, 2016 Angeli Letter* [#28-15] at 3. Mr. Angeli consulted with his supervisor and branch manager, and Defendant denied the claim because it determined that Plaintiff was more than 50% at fault for the accident. *See generally Denial Letters* [#28-15, #28-16]. Defendant argues that the information it has reviewed in support of its initial, and ongoing, denial of Plaintiff's claim provides a reasonable basis for its decision. *Reply* [#30] at 3.

The evidence that Defendant has presented shows that Defendant may have had a reasonable basis to deny the claim on the grounds that Plaintiff was more at-fault than Mr. Morley, given the facts before it. Thus, the Court considers whether Plaintiff has presented evidence that creates a genuine issue of material fact regarding the reasonableness of the denial.

First, Plaintiff contends that Defendant failed to conduct a reasonable investigation based on all available information pursuant to Colo. Rev. Stat. § 10–3–1104(1)(h)(IV), which prohibits "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information." *Response* [#29] at 7; Colo. Rev. Stat. § 10–3–1104(1)(h)(IV). Defendant did not interview Plaintiff regarding her injuries or the

circumstances surrounding the accident, nor did it interview Mr. Morey. *Angeli Depo.* [#29-2] at 29. Plaintiff also cites to deposition testimony stating that Defendant failed to visit the area where the accident occurred, instead merely looking at Google Maps images. *Id.* at 57, 58. Thus, Plaintiff contends that Defendant's core reasons for denying the claim were based on speculation. More specifically, Mr. Angeli testified that the thrust of Defendant's rationale for its denial is that Plaintiff put herself in a dangerous situation by stopping in the road, and should have been able to "get out of the way" because the hill crest was "far enough away" for her to have seen the glow of the headlights from the hill crest. *See, e.g.*, *id.* at 59, 98. Mr. Angeli also testified that Defendant made the determination that Plaintiff could have "gotten out of the way" not by taking any measurements or considering the speed at which Mr. Morey was traveling, but rather by looking at the roadway images on Google Maps and using his "general knowledge" to draw his conclusion. *Id.* at 59. Plaintiff sent a demand letter to Defendant on April 11, 2016, which provided further information about the claim, including a reconstruction report. *Demand Letter* [#28-13]. Mr. Angeli stated that he did not give much weight to the reconstruction report Plaintiff provided because "it seemed to be a little biased toward [Plaintiff] and I didn't think it represented all the facts of the accident." *Id.* at 96.

The question is what a reasonable insurer would have done under these circumstances. The reasonableness of an insurer's conduct "is measured objectively based on industry standards." *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343 (Colo. 2004) (stating that expert testimony is not required "where the standard of care does not entail specialized knowledge or skill beyond that of the average juror") (citing *Surdyka v. DeWitt*, 784 P.2d 819, 822 (Colo. App. 1989)). Based on the evidence submitted by the

parties, a reasonable jury could conclude that Defendant should have further investigated the facts before denying the claim. Importantly, a fair-minded jury could find that drawing a conclusion that Plaintiff should have been able to "get out of the way" based on Google Maps images and "general knowledge," rather than on actual measurements, is unreasonable. *See Angeli Depo.* [#29-2] at 59, 98. On reviewing the reconstruction report and finding it "a little biased" and somewhat factually inaccurate, Defendant could have obtained its own report or otherwise further investigated (for example, by interviewing witnesses) before denying the claim.[4] Here, it is possible that further investigation could have led to information tending to show that Mr. Morey was more at-fault than Defendant initially determined from reading the incident reports. *Cf. Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1132 (10th Cir. 2012) (finding that plaintiff failed to make a showing that material facts were overlooked, as further investigation would not have yielded relevant information delegitimizing the insurer's dispute of the claim).

If a jury found that Defendant failed to fully investigate Plaintiff's claim, it could also find that Defendant lacked a reasonable basis to deny it. *See* Colo. Rev. Stat. § 10–3–1113(4) ("In determining whether an insurer's delay or denial was reasonable, the jury may be instructed that willful conduct of the kind set forth in section 10–3–1104(1)(h)(I) to (1)(h)(XIV) is prohibited[.]"). Thus, Defendant's argument that the evidence concerning Defendant's handling of the claim is irrelevant is not well-taken. *Reply* [#30] at 2. The Court finds that Plaintiff has presented sufficient evidence to raise a genuine issue of material fact with respect to whether Defendant fully investigated the claim based on all

---

[4] Defendant later obtained a reconstruction report during the pendency of this litigation. *See Def. Dec. 14, 2017 Reconstruction Report* [#28-12].

available information.  Thus, whether Defendant was reasonable in denying underinsured motorist benefits remains at issue.  *See MacKinney v. Allstate Fire & Casualty Ins. Co.*, No. 16-cv-01447-NYW, 2017 WL 3397361, slip op. at *7 (D. Colo. Aug. 8, 2017) (declining to enter summary judgment in favor of the defendant on the plaintiff's statutory bad faith claim because the reasonableness of the defendant's conduct was for a jury, not the court, to decide).

Moreover, even if a jury found that Defendant complied with its statutory duty to reasonably investigate the claim, it could conclude that Defendant's basis for the denial was unreasonable on other grounds.  For example, Mr. Angeli testified that "the posted speed limit [written] on the . . . police report" was 55 miles per hour ("MPH").  *Angeli Depo.* [#29-2] at 62.  Then, from Google Maps, Mr. Angeli and his colleague saw a visible posted speed limit sign indicating that the speed limit was 35 MPH.  *Id.*  Thus, it was apparent that the speed limit indicated in the police report was incorrect.  It was later learned that the posted speed limit changed from 35 MPH to 20 MPH about 131 feet before Mr. Morey's car hit Plaintiff.  *Pl. Mar. 2, 2016 Reconstruction Report* [#29-4] at 28.  Additionally, there is a disputed issue regarding Mr. Morey's actual driving speed.  Mr. Morey wrote on his statement in the CSP incident report that he was driving 30 MPH.  *CSP Report* [#28-5] at 5.  However, a state patrolman later estimated from a "dashcam" video that Mr. Morey was driving 50-55 MPH.  *Angeli Depo.* [#29-2] at 97-98.  Plaintiff's reconstruction report estimated that Mr. Morey was likely traveling between 44 and 47 MPH.  *Pl. Mar. 2, 2016 Reconstruction Report* [#29-4] at 53.

Thus, the parties' understanding of both the posted speed limit and the speed at which Mr. Morey was driving have varied greatly throughout this case.  Nonetheless, as

described above, Defendant has maintained its position that Mr. Morey's driving speed did not render him 50% or more responsible for the accident because Plaintiff could have moved out of the way. Notably, Mr. Angeli testified that "it was too late no matter how fast [Mr. Morey] was going," because "[Mr. Morey] had stated that he didn't see any imminent danger until he was already at the point of [Plaintiff's] Tahoe and saw the door open." *Id.* at 110. A jury could conclude that it was unreasonable for Defendant not to give any consideration to these disputed facts, as it is plausible that a person driving at 50-55 MPH in a 20 MPH zone could bear a high degree of fault in a collision. Additionally, Defendant's own report concluded that Mr. Morey was driving in excess of the 20 MPH speed limit and that "[i]f Mr. Morey was traveling at 20 mph and began braking at the same point he did, he would have stopped prior to impacting [Plaintiff] even though he never saw her until impact."[5] *Def. Dec. 14, 2017 Reconstruction Report* [#28-12] at 9. Particularly considering this conclusion, a fair-minded jury could find that Defendant's wholesale denial of the claim is unreasonable.

Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury may find in her favor and, therefore, her statutory claim must proceed to trial. *See Rivera v. State Farm Mut. Auto. Ins. Co.*, No. 16-cv-00227, 2017 WL 4012134, slip op. at *5 (D. Colo. Sept. 12, 2017) (denying motion for summary judgment in favor of defendant because a jury could interpret the conflicting evidence presented in favor of either party at trial).

---

[5] It bears noting that the report also concluded that Plaintiff was the "primary cause" of the collision because she stopped her vehicle in an unsafe place and was in the oncoming lane of travel when Mr. Morey's headlights should have been visible. *Def. Dec. 14, 2017 Reconstruction Report* [#28-12] at 9. However, these are factors that should be considered by the jury, not the Court, on determining Defendant's reasonableness.

Accordingly, the Court declines to enter summary judgment in favor of Defendant on Plaintiff's Third Claim.[6]

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#28] is **DENIED**.

Dated: June 18, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[6] Because Plaintiff has raised genuine issues of material fact sufficient that the Court is convinced that this case should proceed to trial, the Court need not address here the parties' other arguments regarding the underlying facts of the accident, the applicable traffic laws, and Colorado law concerning apportionment of comparative negligence.