IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00723-KLM

SHARON SHAW,

    Plaintiff,

v.

SHELTER MUTUAL INSURANCE COMPANY, d/b/a Shelter Insurance Companies,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Partial Summary Judgment** [#32][1] (the "Motion"). Defendant filed a Response [#33] in opposition to the Motion, and Plaintiff filed a Reply [#40]. The Court has reviewed the Motion, Response, Reply, the exhibits attached thereto, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#32] is **DENIED as moot in part** and **DENIED in part**.[2]

### I. Background[3]

---

[1] "[#32]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2(d), the parties in this civil action consented to have the undersigned conduct all proceedings. *See* [#11, #13].

[3] The Court must construe the evidence in the light most favorable to Defendant, as the nonmovant. *See Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1186 (10th Cir. 2015) ("We . . . recit[e] all summary-judgment evidence in the light most favorable to . . . the nonmovant."). The facts in this case are largely disputed. Thus, the Court provides only a brief summary of the

Plaintiff Sharon Shaw ("Plaintiff") was involved in an automobile/pedestrian collision on Abbey Road in Southern Pueblo County, Colorado. *Final Pretrial Order* [#36] § 4(a). Defendant Shelter Mutual Insurance Company ("Defendant") is Plaintiff's insurer, with an underinsured motorist limit of $250,000. *Id.* § 4(b). At approximately 9:45 p.m. on October 9, 2015, Plaintiff was driving north on Abbey Road, which is a two-lane road with a single lane for northbound traffic and a single lane for southbound traffic. *Id.* § 4(c). Plaintiff stopped and exited her vehicle from the driver's side door and was struck by a southbound vehicle driven by Lee Morey ("Morey"). *Id.* § 4(d). At the time of the collision, it was dark and there were no street lights in the area. *Id.* Plaintiff suffered injuries, and was paid the limits of Mr. Morey's liability policies through GEICO and Travelers Insurance Company, for a total of $275,000. *Id.* § 4(j). Plaintiff filed an underinsured motorist claim, which Defendant ultimately denied. *Id.* § 4(g).

In her Complaint, Plaintiff asserts that Defendant is liable for the damages Mr. Morey negligently caused to her up to the $250,000 underinsurance coverage limit. *Compl.* [#3] ¶ 44. Plaintiff asserts the following three claims against Defendant: (1) "Underinsured Motorist/Declaratory Judgment"; (2) a breach of contract claim for denying underinsured motorist benefits; and (3) a statutory unreasonable delay and denial of Plaintiff's claim for underinsured motorist benefits. *Id.* at 9-10. The parties stipulate that the nature and extent of Plaintiff's injuries, damages, and losses are such that if the jury determines that Mr. Morey is more than 50% at fault for the accident, then Plaintiff is entitled to the full $250,000 of Defendant's insurance policy limits. *Final Pretrial Order* [#36] § 4(e).

---

background of the case, as provided by the parties in the "Stipulations" section of the Final Pretrial Order [#36].

Turning to the instant Motion, Plaintiff first moves for entry of summary judgment in her favor on six of the affirmative defenses raised by Defendant in its Answer [#32-4]. *Motion* [#32] at 6-11. In its Response, Defendant concedes to withdraw the six affirmative defenses, *see* [#33] at 2, and subsequently did so within the Final Pretrial Order entered by the Court on June 18, 2018, *see* [#36] at 4.[4] Therefore, to the extent that Plaintiff seeks summary judgment on those affirmative defenses, the Motion is **DENIED as moot**.

Plaintiff next seeks a ruling from the Court that, as a matter of law, the underinsured motorist, Mr. Morey, was negligent and the sole cause of the October 9, 2015 collision. *Motion* [#32] at 12-14. Defendant objects to such a finding and argues that "[w]hether or not Mr. Morey was at fault for this accident and to what extent any such negligence caused the accident is a question for the jury." *Response* [#33] at 17.

## II. Legal Standards

### A. Motion for Summary Judgment

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be entered if the pleadings, the discovery, any affidavits, and disclosures on file show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An

---

[4] Specifically, Plaintiff seeks summary judgment on the following affirmative defenses to which Defendant has voluntarily withdrawn: (1) Defendant's first affirmative defense (failure to state a claim); (2) Defendant's second affirmative defense (collateral source rule); (3) Defendant's third affirmative defense (mitigation of damages); (4) Defendant's fourth affirmative defense (real party in interest); (5) Defendant's sixth affirmative defense (third party negligence); and (6) Defendant's seventh affirmative defense (collateral source rule). *See Answer* [#32-4] at 4-5; *Response* [#33] at 2; *Final Pretrial Order* [#36] at 4.

issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogation recognized by Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [its] case or a denial of an opponent's allegation" or it will be disregarded.

*See* 10B Charles Alan Wright, et. al., *Federal Practice and Procedure* § 2738 at 356 (3d ed. 1998).

**B.    Choice of Law**

As the Court previously stated, the parties appear to agree that Colorado law governs this case because the Policy is a Colorado policy issued to a Colorado driver, and the accident at issue occurred in Colorado. *See Order* [#35] at 4. Moreover, with respect to the present Motion, both parties cite Colorado law throughout their briefing. *See generally Motion* [#32]; *Response* [#33]; *Reply* [#40]. Accordingly, the Court applies federal procedural law and Colorado substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (applying choice of law rules of the forum state in a diversity case); *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). "When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002).

### III.  Analysis

To narrow the remaining issues in this case, Plaintiff argues that the Court should make the following findings as a matter of law: (1) that the sole cause of the collision and Plaintiff's injuries was the negligence of Mr. Morey, and (2) that Mr. Morey was negligent. *Motion* [#32] at 12-14. While stated separately, both legal conclusions appear to overlap and, according to Plaintiff, turn on the same material facts which Plaintiff characterizes as undisputed. *See id.* Accordingly, the Court analyzes both findings together and addresses the facts as argued by Plaintiff only to the extent necessary to examine whether any genuine issues of material fact exist.

As relevant to this case, Colorado's uninsured/underinsured motorist ("UM/UIM") benefits statute provides:

> No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42-7-103(2), C.R.S., under provisions approved by the commissioner, for the protection of persons insured thereunder *who are legally entitled to recover damages from owners or operators of uninsured motor vehicles* because of bodily injury….

Colo. Rev. Stat. § 10-4-609(a)(1) (emphasis added). The statute further provides that "[u]ninsured motorist coverage shall include coverage for damage for bodily injury or death that an insured is *legally entitled* to collect from the owner or driver of an underinsured motor vehicle." *Id.* § 10-4-609(a)(4) (emphasis added).

Courts have interpreted these provisions to require that insurers "pay to the insured, up to the limit of the policy, whatever losses the insured proves he or she is 'legally entitled to recover' from the uninsured [or underinsured] motorist." *Thompson v. State Farm Mut. Auto. Ins. Co.*, 341 F. Supp. 3d 1261, 1266 (D. Colo. 2018) (quoting *Briggs v. Am. Family Mutual Ins. Co.*, 833 P.2d 859, 861 (Colo. App. 1992)). "Thus, to trigger an insurer's duty to pay UM/UIM benefits under § 10-4-609, an insured has the burden of proving: '(1) that the [under]insured motorist was negligent; and (2) the extent of [the] damages.'" *Id.* (quoting *Martin v. Am. Family Mutual Ins. Co.*, No. 11-cv-03095-WYD-MEH, 2012 WL 1672921, at *2 (D. Colo. May 14, 2012)). Here, the parties stipulate that "Defendant is not and shall not contest the extent or severity of Plaintiff's injuries nor their value." *Final Pretrial Order* [#36] § 4(f).

Pursuant to Colorado law, a claim for negligence requires a showing of four elements: (1) the existence of a legal duty; (2) breach of that legal duty; (3) causation; and (4) damages. *Westin Operator, LLC v. Groh*, 347 P.3d 606, 612 (Colo. 2015). Causation has two aspects: actual cause and proximate or legal cause. *See Moore v. W. Forge Corp.*, 192 P.3d 427, 436 (Colo. App. 2007). Actual cause asks whether the defendant's negligence was the but-for cause of the plaintiff's harm, *see Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 987 (Colo. App. 2011), whereas proximate cause asks whether "it is foreseeable that the defendant's negligence will result in injuries to others." *Build It and They Will Drink, Inc. v. Strauch*, 253 P.3d 302, 306 (Colo. 2011). "[F]oreseeability is the touchstone of proximate cause." *Westin Operator, LLC*, 347 P.3d at 614 n.5. Thus, a defendant's wrongful conduct is not the proximate cause of a plaintiff's injuries "if, in order to bring about such injuries, it was necessary that the conduct combine or join with an intervening cause which also contributed to cause the injuries, but which intervening cause would not have been reasonably foreseen by a reasonably careful person under the circumstances." *Moore*, 192 P.3d at 436. Relatedly, determining whether a plaintiff is "legally entitled to recover" from a third-party pursuant to Colorado's UM/UIM statute also implicates Colorado's statute on comparative negligence, C.R.S. § 13-21-111, which may "preclude [a plaintiff's] recovery from an otherwise negligent defendant if the plaintiff's negligence was equal to or greater than the defendant's negligence." *Walker v. Am. Standard Ins. Co. of Wisconsin*, No. 11-cv-00927-LTB, 2011 WL 3876901, at *3 (D. Colo. Sept. 2, 2011) (citing C.R.S. § 13-21-111(1)).

Significantly, "[i]t is only in the clearest of cases that the issue of negligence may properly be disposed of on summary judgment." *Westin Operator, LLC*, 347 P.3d at 617

(quoting *Brown v. Martin Marietta Corp.*, 690 P.2d 889, 891 (Colo. App. 1984)). Moreover, whether an intervening cause was reasonably foreseeable is ordinarily a question of fact for the jury. *Id.* at 614 n.5. Thus, "[w]hether proximate cause exists is a question for the jury, and 'only in the clearest of cases, where reasonable minds can draw but one inference from the evidence, does the question become one of law to be determined by the court.'" *Bryant v. State of Colorado*, No. 16-cv-01638-NYW, 2018 WL 273027, at *8 (D. Colo. Jan. 3, 2018) (quoting *Lyons v. Nasby*, 770 P.2d 1250, 1254 (Colo. 1989) *superseded by statute*, C.R.S. § 12-47-801 (2014)). "Though it has been so oft-repeated that it is almost trite, it is still nevertheless the general rule that it is only in the clearest cases where the facts are not only undisputed but it is also evident that all reasonable men can draw but one inference from them, that the issues of negligence, [comparative] negligence and proximate causation become matters of law." *Commercial Carriers, Inc. v. Driscoll Truck Lines, Inc.*, 408 P.2d 445, 447 (Colo. 1965). With this in mind, the Court addresses Plaintiff's Motion [#32].

Plaintiff's argument, that Mr. Morey was negligent and that his negligence was the sole cause of the October 9, 2015 collision, is premised on the excessive speed Mr. Morey was allegedly traveling prior to the collision. *See Motion* [#32] at 12-14. According to Plaintiff, it is undisputed that Mr. Morey was traveling at a speed of 47 miles per hour ("MPH"), more than twice the posted speed limit of 20 MPH moments prior to the collision. *Id.* at 12-13.

In support of this assertion, Plaintiff first relies on her December 10, 2017 Crash Reconstruction Report ("Plaintiff's Reconstruction Report") which states, in part, that Mr. Morey was traveling between 44 and 47 MPH, more than twice the posted regulatory speed

limit of 20 MPH, and that he could have stopped prior to the collision had he been traveling at the 20 MPH speed limit. [#32-2] at 72. Second, Plaintiff cites an excerpt from Defendant's December 14, 2017 Reconstruction Report which states that Mr. Morey's speed was in excess of the 20 MPH speed limit "just prior to [the] collision site" and that, "[i]f Mr. Morey was traveling at 20 [MPH] and began braking at the same point he did, he would have stopped prior to impacting [Plaintiff] even though he never saw her until impact." [#32-9] at 2. Finally, Plaintiff relies on Mr. Morey's December 12, 2017 deposition during which he testified that, if he had been traveling 20 MPH when he applied his brakes, he would have been able to stop his vehicle prior to the collision. *Depo. of Lee Morey* [#32-3] (the "Morey Depo.") at 68:3-6; 82:19-25; 83:1-9.

Based on the foregoing, Plaintiff argues that "there is no factual dispute and it is clear that [Mr.] Morey's excessive speed was a cause of this collision." *Motion* [#32] at 12. Plaintiff further contends that "the only way that this collision could have occurred was [Mr.] Morey's excessive speed" and that Mr. Morey "could not exceed the posted speed limit by 27 miles per hour and be anything other than negligent." *Id.* at 12, 13; *see also id.* at 12 (arguing that "but for the excessive speed of [Mr.] Morey, no impact would have ever occurred" and that "[t]he 27 [MPH] of speed above the posted speed limit was the only reason [Mr.] Morey could not stop before striking [Plaintiff]"); *id.* at 13 ("Speeding at a rate of more than twice the posted speed limit cannot be reasonable or prudent and is a violation of C.R.S. § 42-4-1101. [Mr. Morey] could not exceed the posted speed limit by 27 [MPH] and be anything other than negligent.").

While Plaintiff presents evidence suggesting that Mr. Morey was driving 47 MPH moments before the collision, it is clear from the record that Mr. Morey's actual speed

remains in dispute. Indeed, in denying Defendant's Motion for Summary Judgment [#28], the Court noted that "the facts of the accident in question are hotly contested" and that "the parties' understanding of both the posted speed limit and the speed at which Mr. Morey was driving have varied greatly throughout this case." *Order* [#35] at 6, 10.

For instance, although Plaintiff's Reconstruction Report states that Mr. Morey was traveling between 44 and 47 MPH, Mr. Morey testified that he was driving 30 MPH before cresting the hill prior to the accident and the moment before he applied his brakes when seeing that Plaintiff's car door was open. *Morey Depo.* [#33-4] at 31:18-32:20; 40:6-9. This testimony is consistent with the Colorado State Patrol ("CSP") Traffic Accident Report [#33-5] on which Mr. Morey wrote that he was driving 30 MPH at the time of the accident. *CSP Report* [#33-5] at 5. Furthermore, Thomas Dietrich ("Dietrich"), a CSP state trooper who responded to the scene of the accident, testified that he believed that Mr. Morey was traveling between 30 and 35 MPH and that his speed was reasonable under the circumstances. *Depo. of Thomas Dietrich* [#33-10] (the "Dietrich Depo.") at 125:21-126:9. While Plaintiff's Reconstruction Report [#32-2] challenges Trooper Dietrich's speed calculation, this merely demonstrates that Mr. Morey's actual speed remains a disputed question of fact which should properly be left for the jury. *Pl.'s Dec. 10, 2017 Reconstruction Report* [#32-2] at 28; *see Churchman v. Barlau*, 539 P.2d 140, 141 (Colo. App. 1975) (Drivers must "observe a duty of reasonable care, and 'what is reasonable care under such circumstances is ordinarily a question of fact for the jury.'" (quoting *Rine v. Isham*, 382 P.2d 535, 537 (Colo. 1963)).

Moreover, as Defendant correctly observes, Plaintiff fails to even address the role her own actions potentially played in the cause of the accident. *Response* [#33] at 5; *see*

*generally Motion* [#32]. Indeed, Plaintiff does not even state the law regarding actual and proximate cause in her Motion [#32]. In her Reply, Plaintiff conclusorily states that Mr. Morey's excessive speed is "the only cause or in the alternative, is the predominant factor of the impact" and that "[P]laintiff's conduct is comparatively inconsequential." [#40] at 5.

However, it is undisputed that Plaintiff stopped and exited her vehicle from the driver's side door before being struck by Mr. Morey. *Final Pretrial Order* [#36] § 4(d); *see also CSP Report* [#33-5] at 2-3 (showing that Plaintiff opened her car door into the oncoming lane of traffic, stepped out, and was hit by Mr. Morey's vehicle); *Pl. Depo.* [#33-3] at 88:6-89:8; 128:6-11 (testifying that she thought she was next to her vehicle, yet admitting that she was told the damage to Mr. Morey's car was on his passenger side). Plaintiff testified that she stopped her vehicle in her lane of traffic. *Pl. Depo.* [#33-3] at 72:8-76:2. Plaintiff further testified that she did not think that her emergency flashers were on and that she was not sure whether her high beam lights had been turned off. *Id.* at 126:1-8; 93:7-10; 125:23-25. According to the Pueblo County Sheriff's Office's ("PCSO") incident report, Plaintiff's vehicle was "parked on the center line of the frontage road way" when CSP troopers arrived at the scene of the accident. *PCSO Report* [#33-6] at 3. The CSP Report [#33-5] lists "Pedestrian violation" as the "Causal Factor" of the accident and the PCSO Report [#33-6] states that "[t]he accident was a result of a female getting out of her vehicle during an argument with her son about how he was acting at the football game in Rye." Trooper Dietrich further testified that Plaintiff was the "proximate cause, the most responsible for the incident." *Dietrich Depo.* [#33-10] at 95:12-96:3. In light of this testimony and the other evidence Defendant presents with respect to Plaintiff's comparative negligence, the Court finds that a fair-minded jury could find that Mr. Morey was not the

sole cause of the subject accident.  *See Hesse v. McClintic*, 176 P.3d 759, 764 (Colo. 2008) ("In a comparative negligence case, '[t]he relative degrees of fault are to be determined by a trier of fact except in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference.'" (quoting *Gordon v. Benson*, 925 P.2d 775, 777 (Colo. 1996))).

Therefore, viewing the evidence in the light most favorable to Defendant, the Court concludes that Plaintiff has failed to show that there is no genuine issue of material fact with respect to Mr. Morey's driving speed or Plaintiff's comparative negligence for the Court to find that, as a matter of law, Mr. Morey's negligence was the sole cause of the October 9, 2015 collision.  *See* Fed. R. Civ. P. 56(a).  In reaching this conclusion, the Court is mindful that "[i]t is only in the clearest of cases that the issue of negligence may properly be disposed of on summary judgment."  *Westin Operator, LLC*, 347 P.3d at 617 (citation omitted).

Defendant has presented sufficient evidence from which a reasonable jury could conclude that Mr. Morey's driving speed was not unreasonable under the circumstances and that Plaintiff's own negligence was 50% or more responsible for the accident.  *See Patterson v. Dahlsten Truck Line, Inc.*, 130 F. Supp. 2d 1228, 1236 (D. Kan. 2000) (denying plaintiff's motion for summary judgment on the issue of contributory negligence where defendant's evidence, while "rather thin," could lead a reasonable factfinder to conclude that plaintiff "bore some percentage of fault for the collision").  Accordingly, the Court agrees with Defendant that whether or not Mr. Morey was at fault for the accident and to what extent any such negligence caused the accident is a question of fact for the

jury.[5]

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#32] is **DENIED as moot in part** and **DENIED in part**. The Motion is **denied as moot** to the extent that Plaintiff seeks summary judgment on the six affirmative defenses which Defendant has voluntarily dismissed. The Motion is **denied** to the extent that Plaintiff seeks summary judgment on the issue of whether Mr. Morey was negligent and the sole cause of the October 9, 2015 collision.

Dated: April 10, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[5] Because Defendant has raised genuine issues of material fact sufficient that the Court is convinced that this case should proceed to trial, the Court need not address here the parties' other arguments regarding the underlying facts of the accident, the applicable traffic laws, and Colorado law concerning negligence per se.